**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. GLR-25-129** |
| | * | |
| | * | |
| **ERIC TANO TATAW,** | * | |
| **a/k/a "the Garri Master"** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

**GOVERNMENT'S CONSENT MOTION
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorneys, hereby submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and states as follows:

1.      On April 24, 2025, a federal grand jury in the District of Maryland returned an Indictment charging the Defendant, Eric Tano Tataw, a/k/a "the Garri Master," with one count of attempting to provide material support or resources to a conspiracy to murder, maim, or kidnap, in violation of 18 U.S.C. § 2339A, and four counts of communicating interstate threats to injure or kidnap, in violation of 18 U.S.C. § 875(c).  ECF 1.

2.      Tataw had an initial appearance on April 25, 2025, in front of U.S. Magistrate Judge Charles Austin and was ordered released on home confinement.  Also on April 25, 2025, the parties had a discovery conference and agreed to request to toll the speedy trial clock for 90 days, through July 25, 2025.  The Court granted that request. ECF 10.

3.      Prior to the Defendant's indictment in this case, the Defendant was charged in a separate federal indictment with bank fraud, wire fraud, money laundering, aggravated identity theft, and obstruction of justice.  *See United States v. Eric Tataw*, GLR-23-353 (the "Fraud

1

Case"). The Fraud Case was indicted on October 3, 2023, and was scheduled to begin trial April 20, 2026. In the Fraud Case, the Court granted the parties' consent motions to toll the Speedy Trial Clock through the trial date. *See* GLR-23-353, ECF 110.

4.    On May 26, 2025, following Tataw's arrest on Maryland state felony charges, the government filed a motion for an arrest warrant and revocation of Tataw's pretrial release. ECF 13; *see State of Maryland v. Eric Tataw*, Case Number C-15-CR-25-000652. Following a hearing on June 11, 2025, U.S. Magistrate Judge J. Mark Coulson revoked Tataw's pretrial release and ordered him detained. ECF 17.

5.    On August 4, 2025, the Court granted the parties' consent motion to toll the Speedy Trial Clock for an additional 90 days, through October 25, 2025. ECF 26.

6.    On October 23, 2025, the parties filed another consent motion to toll the Speedy Trial Clock for an additional 90 days, through January 25, 2026. ECF 27. That motion was later granted. ECF 31.

7.    In January 2026, the Office of the State's Attorney for Montgomery County dismissed the state felony case against Tataw for insufficient evidence. On January 14, 2026, Tataw filed a motion for review of Judge Coulson's detention order. ECF 28. Following another detention hearing on February 18, 2026, Judge Coulson denied the motion and again ordered Tataw detained. ECF 41. Tataw remains detained in both federal cases.

8.    On January 29, 2026, the Court granted the parties' consent motions to toll the Speedy Trial Clock for an additional 90 days, through the completion of Tataw's trial in the Fraud Case, *i.e.*, through April 25, 2026. ECF 33.

9.    On April 20, 2026, the day Tataw's federal trial in the Fraud Case was scheduled to begin, Tataw pled guilty to bank fraud. *See* GLR-23-353, ECF 180, 181. A sentencing date

has not yet been scheduled.  *See* GLR-23-353, ECF 183.  According to the initial Presentence Investigation Report, Tataw's advisory sentencing guidelines range in the Fraud Case is 41 to 51 months of imprisonment.

10.     On June 2, 2026, in consultation with the parties, the Court scheduled a three-week trial in the instant case to begin April 19, 2027.  ECF 47.

11.     The government has turned over a significant volume of discovery, including but not limited to forensic extractions of Tataw's electronic devices, account records for Tataw's Facebook and Twitter accounts obtained via search warrants, subpoena returns from various financial institutions, hundreds of videos and photos of Tataw from YouTube, Facebook, and Twitter, and law enforcement reports.  Defense counsel is continuing to review and familiarize himself with the discovery produced to date.

12.     The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

13.     The Act excludes "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Among the factors a court must consider in  granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice"; "[w]hether the case is so unusual or complex …that it is unreasonable to expect adequate preparation for

3

pretrial proceedings or for the trial itself  within the time limits …"; or whether failure to grant a continuance "would unreasonably deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and (iv).

14.     In addition, the 70-day period within which trial must commence excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" "delay resulting from any pretrial motion" or "delay resulting from consideration by the court of a proposed plea agreement."  *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Hart*, 91 F. 4th 732 (4th Cir. 2024) (although time spent engaging in plea negotiations is not automatically excluded under the Speedy Trial Act, it may be excluded based on an ends-of-justice finding by the court).

15.     This is a complex case involving allegations of conspiring to provide material support to a conspiracy to murder, maim, or kidnap individuals in a foreign country.  The discovery is voluminous and includes, but is not limited to, law enforcement reports dating back to 2020, social media account records, forensic extractions of cell phones and other electronic devices, financial account records, and hundreds of hours of video and audio recordings.

16.     The parties agree that defense counsel needs additional time to review and familiarize himself with the voluminous discovery in this complex case and to confer with the defendant regarding the discovery and possible defenses.  This need is particularly acute because, up until recently, defense counsel was focused on preparing for trial in the separate Fraud Case (GLR-23-353) that was scheduled for trial on April 20, 2026.

17.     In addition, the parties have discussed the potential of resolving the case short of trial.  A plea disposition would serve the ends of justice because it would allow the parties to

enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

18.     Based on the foregoing, the parties submit that the ends of justice will be served by a reasonable continuance of the speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). As detailed above, the grounds for a reasonable continuance include the need to allow additional time for defense counsel to review and familiarize themselves with the extensive discovery in this complex case and to confer with the defendant regarding the discovery and possible defenses; and the need to allow additional time for the parties to pursue plea negotiations.

19.     Accordingly, the parties request that the calculations under the Speedy Trial Act of the time in which the trial in this case must commence exclude the additional period of time between now and the scheduled trial date of April 19, 2027, resulting in a total period of exclusion from April 25, 2025 through April 19, 2027.

20.     Counsel for the Defendant consents to this motion and proposed order.

WHEREFORE, the government respectfully requests that this Court enter an order excluding from speedy trial calculations the period from **April 25, 2025, through and including April 19, 2027**. A proposed order is attached for the Court's consideration.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

_____/s/_____
Christina A. Hoffman
Assistant United States Attorney
36 South Charles Street, Fourth Floor

Baltimore, Maryland 21201

FILED VIA ECF-MD